BRIDGET MATHEWS, Plaintiff in Error, *v.* ST. LOUIS GRAIN ELEVATOR COMPANY, Defendant in Error.

1. *Practice, civil — Evidence — Instruction.*— Where there is evidence tending to prove the issues presented, it is error in the court to withdraw the case from the jury.

*Error to St. Louis Circuit Court.*

*Wilcox & Kinealy*, for plaintiff in error.

*Slayback & Haeussler*, for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff brought her action to recover damages for causing the death of her husband by the negligence, misconduct and wrongful act of the defendant. At the close of the plaintiff's case the court gave an instruction in the nature of a demurrer to the evidence, to the effect that the plaintiff could not recover.

A nonsuit was then taken, and, after an unsuccessful effort to set the same aside, a writ of error was prosecuted. We think the court erred in taking the case from the jury. There was evidence going to show that the deceased husband was guilty of negligence in performing the work which caused his death, and there was evidence also tending to prove that he acted prudently and without fault. There was further evidence conducing to show that he was on the land at the request and with the permission of the company, and that the injury was occasioned by the act of the company in removing dirt, which was unknown to the deceased. There was sufficient evidence to have warranted the submission of the case to the jury, and it results, therefore, that the judgment must be reversed and the cause remanded for a new trial. All the judges concur.